IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:09-CR-00009-FL-1
NO. 7:12-CV-00116-FL

| | | |
|---|---|---|
| WINDELL NORWOOD HICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-127) petitioner Windell Norwood Hicks's motion (DE-118) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). On May 1, 2013, the Court informed Hicks that the government's motion to dismiss would be converted to a motion for summary judgment. Hicks revised his previous response (DE-132) to the motion to dismiss to respond to the motion for summary judgment. (DE-136). Accordingly, the motion for summary judgment is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to vacate and motion for summary judgment have been referred to the undersigned. For the reasons set forth herein, it is RECOMMENDED that the motion to vacate (DE-118) be DENIED and that the motion to dismiss, converted to a motion for summary judgment (DE-127) be GRANTED.

1

## I. BACKGROUND

Hicks pleaded guilty pursuant to a written plea agreement on October 5, 2009 to conspiring with others to distribute and possess with the intent to distribute fifty (50) grams of cocaine base, a quantity of cocaine, and 100 grams of heroin, in violation of 21 U.S.C. § 846. (DE-67, DE-68). In the plea agreement, Hicks agreed, *inter alia*, to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1-2, DE-68. For its part, the government agreed to dismiss counts two and three of the indictment and stipulated to a drug weight. The parties further agreed that a downward adjustment of three levels for acceptance of responsibility was warranted under U.S.S.G. § 3E.1. The district court sentenced Hicks to 160 months' imprisonment on February 11, 2010, a judgment affirmed by the United State Court of Appeals for the Fourth Circuit on August 4, 2011. (DE-82, DE-117).

On May 7, 2012, Hicks filed the instant motion pursuant to 28 U.S.C. § 2255, asserting he received ineffective assistance of counsel in that (1) trial counsel failed to investigate and object to the improper calculation of his criminal history points at sentencing; (2) failed to challenge a firearms charge; and (3) failed to adequately investigate the evidence in the case. Pet'r's Mot. Vacate 5-8, DE-118. The government

asserts that Hicks fails to state a claim for ineffective assistance of counsel and that his motion to vacate should therefore be dismissed.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary

3

judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on a motion for summary judgment. *Id.* at 248-49.

"A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However,

> [w]hile pro se complaints may "represent the work of an untutored hand requiring special judicial solicitude," a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S. Ct. 1475, 89 L. Ed. 2d 729 (1986). The "special judicial solicitude" with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a

4

preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

## C. Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that

5

Case 7:09-cr-00009-FL   Document 137   Filed 06/06/13   Page 5 of 12

contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings.'" Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated– "permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

Hicks asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different." Strickland, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

### III. ANALYSIS

#### A. Petitioner Fails to Show Ineffective Assistance of Counsel in Ground One

Hicks argues he received ineffective assistance of counsel because his attorney failed to object to certain criminal history points at sentencing, specifically the three points assigned for Hicks' prior felony conviction of possession with intent to deliver marijuana, as set forth in paragraph 24 of the presentence investigation report ("PSR"). PSR ¶ 24, DE-76. Hicks contends that, because the five-year sentence he received was suspended, with five years' probation imposed, he should not have received the three points attributed to this conviction. However, the PSR also states that on May 4, 1993, Hicks' probation was revoked in full. Revocations of probation are covered under § 4A1.2(k), which directs that "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation," with the resulting total used to calculate the

7

criminal history points. Hicks was originally sentenced to five years' imprisonment for the possession with intent to sell and deliver marijuana crime. Therefore, the three points were properly awarded under the guidelines. *See* Wallace v. United States, No. 2:10-150-PMD, 2011 U.S. Dist. LEXIS 129012, at *14-16 (D.S.C. Nov. 7, 2011) ("Revocations of probation are covered under § 4A1.2(k), which states that if the sentence originally imposed exceeded one year and one month, then the maximum 3 points should be assigned."). For this reason, objection by counsel to the three points would have been meritless. As such, Hicks fails to show that his counsel was ineffective for failing to object to criminal history points attributed to Hicks in paragraph 24 of the PSR. *See id.* (concluding that petitioner failed to show ineffective assistance of counsel for failure to object to criminal history points where the three points were properly awarded under U.S.S.G. § 4A1.2(k)); *cf.* Scott v. United States, No. 1:03CV251 (1:00CR69-5), 2005 U.S. Dist. LEXIS 44473, at *11-13 (W.D.N.C. Nov. 7, 2005) (determining that, where the petitioner's suspended sentence was later revoked, original conviction then qualified as a prior adult felony conviction for purposes of career offender status and the petitioner thus failed to show ineffective assistance of counsel for failing to object).

### B. Petitioner Fails to Show Ineffective Assistance of Counsel in Ground Two

As further grounds for ineffective assistance of counsel, Hicks argues his attorney failed to challenge the two-level enhancement for possession of a firearm in furtherance of a drug-trafficking scheme, as set forth in paragraph 53 of the PSR. The record affirmatively shows, however, that Hicks' attorney objected to the two-level enhancement,

*see* Objections, PSR Addendum ¶ 3, DE-76, and that counsel addressed this issue at length at the sentencing proceeding, *see* Sent. Hr'g Tr. 11-17, DE-100. Thus, Hicks can show no deficient performance based on failure to object to the enhancement. To the extent Hicks argues his attorney should have pursued the objection on grounds other than what was argued, Hicks shows no reasonable possibility that the district court would have sustained the objection to enhancement based on any of the alternative theories he now proposes. Thus, Hicks fails to show prejudice as required under *Strickland*, and this claim should therefore be denied.

### C. Petitioner Fails to Show Ineffective Assistance of Counsel in Ground Three

Finally, Hicks asserts that his attorney, Joseph Zeszotarski, failed to properly investigate evidence and interview witnesses regarding the confidential informants who implicated Hicks in the drug conspiracy. Hicks contends he therefore had "no option" other than to plead guilty. This argument is entirely unpersuasive.

First, Hicks' present assertion that his attorney's deficient performance left him with "no option" other than to plead guilty, despite being innocent, directly conflicts with the statements he made at the arraignment held July 7, 2009. There, Hicks testified that he had discussed the case and the plea with Mr. Zeszotarski; that he was satisfied with Mr. Zeszotarski's advice and counsel; that he was satisfied with Mr. Zeszotarski's representation; and that he had been a good attorney. Arraignment Hr'g Tr. 14:1-10, July 7, 2009, DE-98. When Hicks later decided to change his plea to guilty, he again testified about his satisfaction with Mr. Zeszotarski's representation at Rule 11 plea proceedings

9

held on October 5, 2009. Rule 11 Tr. 12:2-7, Oct. 5, 2009, DE-105. Hicks further testified that he was in fact guilty. *Id.* at 17:22. To the extent that the allegations made by Hicks in his motion to vacate contradict these sworn statements, such allegations are "palpably incredible" and should be dismissed. Lemaster, 403 F.3d at 221-22.

Moreover, despite the assertions by Hicks, the record shows Mr. Zeszotarski from the earliest stages of the case investigated and aggressively challenged the reliability of the confidential informants. Mr. Zeszotarski entered notice of appearance on February 6, 2009. On March 9, 2009, Mr. Zeszotarski filed a motion to compel the identification of the confidential informants. The Court held a hearing on May 14, 2009 regarding the motion to compel, in support of which Mr. Zeszotarski submitted written and oral argument. (DE-37, DE-39). The Court denied the motion to compel as moot in part because the government had already disclosed the identities of five of the eight informants; the Court granted the rest of the motion to compel and ordered disclosure of the remaining three informants. (DE-40). On September 18, 2009, Mr. Zeszotarski filed a sealed ex parte motion with regard to the confidential informants, which was granted by the Court. (DE-59). At the sentencing proceedings, Mr. Zeszotarski again challenged the reliability of information from confidential informants. Sent. Hr'g Tr. 11-17, DE-100. Thus, the record overwhelmingly rebuts the assertion that Mr. Zeszotarski failed to investigate the case against Hicks or information regarding the confidential informants.

Far from "failing to act as counsel," the record shows that Mr. Zeszotarski invested considerable time and energy in the case. In addition to the work performed regarding the

10

confidential informants, Mr. Zeszotarski filed multiple other motions, including a motion to suppress, for which the undersigned held a hearing and issued a memorandum and recommendation, later adopted by the district court. Mr. Zeszotarski also prepared the case for trial, which was set for October 6, 2009 (Hicks pleaded guilty on October 5, 2009), and submitted proposed voir dire and jury instructions. After "extensive discussions" between Mr. Zeszotarski and the prosecutor, Sent. Tr. 9:20, Hicks obtained a favorable plea agreement, whereby he received a three-level reduction in the offense level for acceptance of responsibility, avoided prosecution on two of the three charges against him, and stipulated to a drug weight well below the probation officer's calculation. *See* Sent. Tr. 10 (noting that the drug stipulation dropped the offense level by two points). Indeed, the district court expressly complimented Mr. Zeszotarski at the sentencing hearing, noting that he had been "very able in your advocacy[.]" Sent. Tr. 19:6-7.

Because Hicks raises no genuine issues regarding either deficient performance by Mr. Zeszotarski or any prejudice arising therefrom, he fails to sustain his claims of ineffective assistance of counsel. Accordingly, the motion to vacate should be denied and summary judgment should be granted to the government.

## IV. <u>CONCLUSION</u>

Because Hicks fails to raise genuine issues of material fact regarding deficient performance by counsel or prejudice arising therefrom, the government is entitled to summary judgment as a matter of law. For this reason, the undersigned RECOMMENDS that the motion to vacate (DE-118) be DENIED and the government's motion to dismiss,

converted to a motion for summary judgment (DE-127) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, June 6, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE