IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-9-FL
NO. 7:12-CV-116-FL

| | |
|---|---|
| WINDELL NORWOOD HICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 118) and the government's motion to dismiss (DE 127). The court converted the government's motion to a motion for summary judgment, and petitioner supplemented his response accordingly. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion for summary judgment (DE 137). Petitioner timely filed objections to the M&R and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants the government's motion for summary judgment, and denies petitioners's motion to vacate.

**BACKGROUND**

On October 5, 2009, petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and distribution of more than 50 grams of cocaine base (crack), a quantity of cocaine, and more than 100 grams of heroin, in violation of 21 U.S.C. § 846. On

February 11, 2010, petitioner was sentenced to 160 months imprisonment. Petitioner appealed the conviction and sentence, and the Fourth Circuit affirmed. United States v. Hicks, 439 F. App'x 239 (4th Cir. 2011).

Petitioner filed the instant motion on May 7, 2012, asserting that he received ineffective assistance of counsel. The government moved to dismiss on the basis that petitioner waived the right to assert the claims on collateral review, and on the basis that the claims are without merit. The court provided notice that the government's motion to dismiss will be converted to one for summary judgment, and provide petitioner an opportunity to respond to the motion as so converted. Petitioner timely responded. In the M&R, it is recommended that petitioner's motion be denied on the basis that the claims are without merit. Petitioner timely filed objections to the M&R.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

Petitioner claims he received ineffective assistance of counsel in three respects, particularly that trial counsel (1) failed to investigate properly and object to the calculation of criminal history points at sentencing, (2) failed to challenge properly a two-level enhancement for possession of firearm, and (3) failed to sufficiently investigate potentially impeaching evidence prior to petitioner's guilty plea. Petitioner details and reiterates the basis for his claims in his objections to the M&R. The court will address each claim in turn below.

1. Criminal history points

Petitioner claims his counsel was ineffective in failing to investigate properly and object to the calculation of criminal history points at sentencing. Specifically, he argues that counsel should have objected to the addition of three criminal history points for a 1989 conviction for possession with intent to sell and deliver marijuana, and to the addition of three criminal history points for a 1993 conviction for possession of a firearm by a felon.

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner has failed to establish either deficient performance or prejudice on the basis

3

claimed here, because the criminal history points in this case were scored properly. With respect to the 1989 conviction, petitioner pled guilty to a term of 5 years custody, suspended, with 5 years probation. (Presentence report ¶ 24). Probation was revoked, however, on May 4, 1993, at which point he received a 5 year term of imprisonment. He served this sentence until November 2, 1993, at which point he was paroled. (Id.).[1] Because petitioner's term of probation was revoked, calculation of criminal history points is governed by sections 4A1.1(a) and 4A1.2(k).

Under § 4A1.1(a), three criminal history points are scored "for each prior sentence of imprisonment exceeding one year and one month."[2] Under § 4A1.2(k), in the case of a prior revocation of probation, as occurred here, the court must "add the original term of imprisonment to any term of imprisonment imposed upon revocation," and the resulting total is used to compute the criminal history points under § 4A1.1(a). The term "sentence of imprisonment" refers to the "maximum sentence imposed" and refers "only to the portion that was not suspended." § 4A1.2(b).

Applying these rules here, where petitioner originally received an active sentence of probation, but that sentence of probation was revoked, the court must add the term of imprisonment imposed upon revocation, which in this instance was "5 years custody." (Presentence report, ¶ 24). As this term of imprisonment exceeded one year and one month, three criminal history points are added. § 4A1.1(a).

---

[1] The presentence report includes two typographical errors. Next to paragraph 24, it lists the date of arrest as January 8, 1993, and it states that petitioner possessed marijuana with intent to distribute on December 30, 1992, even though the date of the guilty plea is listed as March 20, 1990, the case docket number is 89CRS28186, and petitioner refers to the conviction as his 1989 conviction. For purposes of the present analysis, the court presumes March 20, 1990, is the date of conviction.

[2] As at sentencing, the court applies the 2009 edition of the guidelines, which is the same in all material respects as the current edition of the guidelines.

4

Petitioner argues that his 1989 conviction is not scoreable because he only served seven months in custody before he was paroled. As such, he contends, his term of imprisonment did not exceed one year and one month. This argument is without merit, however. "[C]riminal history points are based on the sentence pronounced, not the length of time actually served." § 4A1.2, comment (n.2); see United States v. Romary, 246 F.3d 339, 343 n.13 (4th Cir. 2001) ("How much time of the 1992 ten-year sentence that the defendant actually served in prison does not affect the counting of the sentence as a ten-year sentence."). Because petitioner received a sentence of 5 years custody upon revocation of parole, this term of sentence governs the analysis under § 4A1.1(a).

Petitioner also argues that his 1989 conviction is not scoreable because he served his sentence concurrently with a sentence for another felony offense for which he was found guilty in 1993, specifically the offense for which he received 3 additional criminal history points at paragraph 25 of the presentence report. This argument, too, is without merit. For purposes of criminal history, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense)." § 4A1.2(a)(2). In this case, the two offenses were separated by an intervening arrest because petitioner pled guilty to the first offense on March 20, 1990, and the second offense occurred on January 7, 1993. (Presentence report ¶ 25).

Petitioner also contends that his 1989 conviction is not scoreable because it took place over fifteen years prior to the commencement of the offense of conviction. "A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period." § 4A1.1 comment (n.1); see § 4A1.2(e). "Conduct that is part of the instant offense means conduct that is relevant conduct to

5

the instant offense under the provisions of § 1B1.3." § 4A1.2 comment (n.1). In this case, petitioner's incarceration for the 1989 conviction ceased in November, 1993. Thus, to be counted, the instant offense must have commenced by November, 2008, at the latest. According to the presentence report, relevant conduct for petitioner's instant offense commenced in "late 2003 or beginning of 2004," well within this time period. (Presentence report ¶ 17). Although petitioner contends that counsel should have challenged the commencement date of relevant conduct described in the presentence report, such a challenge would have been futile. Even the last date of charged offense conduct, April 2008, is within the fifteen-year time period for counting the 1989 conviction.

Finally, petitioner suggests that counsel should have objected to scoring three criminal history points for the 1993 conviction because it resulted in a sentence of thirteen months or less. This argument is without merit. Petitioner pled guilty on April 14, 1993, to possession of a firearm by a felon, and a sentence of five years custody was imposed. (Presentence report ¶ 25). Petitioner was paroled on November 2, 1993. (Id.). As noted above, the fact that petitioner served only seven months of his five year sentence is irrelevant for purposes of scoring criminal history points. See § 4A1.2, comment (n.2).

In sum, where the challenges to criminal history calculation raised by petitioner are without merit, petitioner has failed to establish deficient performance by counsel or prejudice, in counsel's failure to investigate or raise such challenges. Accordingly, relief for this ground for ineffective assistance of counsel must be denied.

2. Firearm enhancement

Petitioner argues that his counsel was ineffective in failing to challenge and address properly a two-level enhancement imposed for possession of a firearm in furtherance of a drug-trafficking

6

crime, pursuant to § 2D1.1(b)(1). Petitioner's counsel did, however, object to this enhancement at sentencing including through detailed argument, and the court overruled the objection including after hearing testimony by an investigative agent. (Presentence report, Objection 3; Sentencing transcript, DE 100, at 11-19). This, alone, is enough to foreclose petitioner's ineffective assistance of counsel claim, where counsel provided reasoned argument and further argument would not likely have changed the result at sentencing.

Petitioner contends, nonetheless, that counsel was ineffective in failing to sufficiently raise further arguments or make motions that petitioner suggests would have undermined the firearms enhancement. The Sixth Amendment, however, does not require counsel to make arguments or motions in precisely the manner that petitioner would have him make them. "With the benefit of hindsight, rarely can it be said that trial counsel made every possible objection and raised every conceivable viable legal argument. The law, however, requires not perfect but only professionally reasonable performance of counsel." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir. 1992) (citing Strickland, 466 U.S. at 669).

Moreover, petitioner has failed to establish that the additional arguments and points he now suggests likely would have changed the outcome at sentencing. Petitioner argues, for example, that counsel failed to move suppress evidence seized, including a firearm and ammunition, from a residence attributed by agents to petitioner. He contends in sworn affidavit that he had no relationship with the residence from which evidence was seized and there was no probable cause to search the residence. (Objection at 7-8). As an initial matter, counsel did file a motion to suppress the evidence seized on essentially the same grounds, which the court denied. (DE 29, 48, 53). Counsel recognized and addressed additional grounds for the enhancement at sentencing,

7

without rehashing arguments already raised and rejected in the motion to suppress. (Sentencing transcript, DE 100, at 11-19). In light of the totality of information in the presentence report, testimony by the investigative agent at sentencing, and argument by the government and counsel at sentencing, the enhancement is supported by a preponderance of the evidence, even taking into consideration petitioner's argument and affidavit.

In sum, petitioner has failed to establish that counsel was deficient in the manner he challenged the sentencing enhancement or that the arguments he now proposes likely would have changed the outcome at sentencing. Accordingly, relief for this ground for ineffective assistance of counsel must be denied.

3. Failure to investigate prior to plea

Petitioner argues that counsel was ineffective in failing to sufficiently investigate potentially impeaching evidence prior to petitioner's guilty plea. He claims counsel failed to investigate evidence that could have impeached a potential government witness, Donald Green, and that his counsel failed to follow up with two pre-trial detainees who had witnessed conversations among other inmates who talked about manufacturing evidence against petitioner. Petitioner suggests that if counsel had followed up on these leads and developed the impeaching testimony, petitioner would have proceeded to trial instead of pleading guilty.

Petitioner has established neither deficient performance nor prejudice. As with petitioner's previous claim, the record reflects that counsel diligently prepared and investigated defenses in anticipation of trial. Early in the case, counsel moved for disclosure of identities of confidential informants to be offered at trial, and the court allowed the motion for those potential witnesses not previously disclosed. (DE 40). Counsel also moved for a writ to have incarcerated witnesses testify

8

in impeachment against government informants, including Robert Beatty, one of the pre-trial detainees that petitioner mentions in his argument as a source for impeachment evidence. (DE 58; 138-1 at 5). In addition defense counsel prepared and filed proposed jury instructions, which included instructions regarding impeachment and credibility of alleged co-conspirators called as witnesses by the government, including where such witnesses had entered into a plea agreement in exchange for testimony against petitioner. (DE 63 at 11-18). Thus, the record reflects that counsel in fact took substantial steps to develop and prepare for a defense based upon impeaching government witnesses.

In addition, petitioner's claim of deficient performance prior to the plea is undermined by petitioner's sworn testimony at the plea hearing. The plea colloquy "affords the [government] substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotations omitted). Petitioner affirmed at the plea colloquy in this case that he had discussed the case and the plea with counsel, that he was satisfied with counsel's representation, and that he had been a good attorney. (DE 98 at 13-14). "In the absence of clear and convincing evidence to the contrary, [petitioner] must be bound by what he said at the time of his plea." Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984). Where petitioner has not presented clear and convincing evidence regarding counsel's performance contrary to his statements at the plea colloquy, petitioner's present claim of deficient performance must be denied.

9

Petitioner also fails to establish prejudice from counsel's failure to pursue any additional avenues of defense. "[I]n order to satisfy the 'prejudice' requirement [in the guilty plea context], the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 371-72 (2010) (citations omitted). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial . . . . will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Hill 474 U.S. at 59.

Petitioner suggests that counsel's further pursuit of impeachment evidence of Green and other government witnesses would have been fruitful. This suggestion is speculative for multiple reasons. First, as shown in the presentence report, numerous different individuals provided information to the government regarding petitioner's drug trafficking activity. Second, petitioner does not specify what information in addition to that already identified to counsel, (including a recording of Green, a letter by Green, and testimony of pre-trial detainees), could have been gained from further investigation, either towards impeachment of Green or other witnesses. Third, as petitioner himself admits, the government successfully opposed introduction of certain impeaching evidence against Green, including that evidence subject to impeachment would not be used in the government's case. Fourth, the government revealed significant countervailing evidence regarding Green's veracity in a short time at sentencing. (DE 100 at 16-19). Fifth, petitioner offers no more

10

than speculation as to what the government could have offered at trial to support its case, or what evidence the government could have produced to support the veracity of its witnesses – including not only Green but also eight confidential informants disclosed pre-trial. Thus, petitioner has failed to establish that possible exculpatory evidence not uncovered by counsel, "likely would have changed the outcome of a trial." Hill, 474 U.S. at 59.

Moreover, petitioner has failed to establish that, armed with any additional evidence gained through further investigation by counsel, petitioner would have forgone the benefits of a plea agreement and instead proceeded to trial. The plea agreement afforded multiple benefits, including dismissal of counts two and three of the indictment, a recommendation of 3-level reduction for acceptance of responsibility, and stipulation to drug weight. At trial, defendant would have been faced with advancing a defense not only on count one, but all three counts, in circumstances where a motion to suppress evidence had been denied. In these circumstances, petitioner has not established that would have gone to trial on a defense based solely upon impeaching government witnesses, as he proposes, "or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received." Hill, 474 U.S. at 59 (quotations omitted).

Accordingly, petitioner's ineffective assistance of counsel claim on this basis must be denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. The court thus ADOPTS the recommendations contained in the M&R (DE 137). The court DENIES petitioner's motion (DE

11

118), and GRANTS the government's motion (DE 127). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 5th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

12

Case 7:09-cr-00009-FL   Document 145   Filed 05/06/14   Page 12 of 12