IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-9-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| WINDELL NORWOOD HICKS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018, (DE 170). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants in part and denies in part defendant's motion.

**BACKGROUND**

On October 5, 2009, defendant pleaded guilty to conspiracy to possess with intent to distribute and distribution of more than 50 grams of cocaine base, a quantity of cocaine, and more than 100 grams of heroin, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on February 11, 2010. The court found the readily provable drug weight attributable to defendant was between 3,000 and 10,000 kilograms of marijuana equivalency. Defendant's base offense level also was increased two levels because he possessed a firearm during a drug trafficking offense. With criminal history category IV, defendant's advisory Guidelines range was 151 to 181 months' imprisonment. The court ultimately sentenced defendant to 161 months' imprisonment and five years' supervised release, which represented a sentence at the low end of the Guidelines range.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the threshold quantity of cocaine base that triggers 21 U.S.C. § 841(b)(1)(A)(iii)'s 10-year to life term from 50 grams to 280 grams, and the quantity for § 841(b)(1)(B)(iii)'s 5 to 40-year term from 5 grams to 28 grams (but under 280 grams). Fair Sentencing Act § 2(a), 124 Stat. at 2372. The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Id. § 3. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief under the First Step Act because he was sentenced prior to August 3, 2010, and the statutory penalties for his offense of conviction – conspiracy to distribute 50 grams or more of cocaine base – were modified by section two of the Fair Sentencing Act. See id. § 404(b); Fair Sentencing Act § 2(a), 124 Stat. at 2372. Under the revised statutory penalties, defendant faced a mandatory minimum of five years' imprisonment, up to a statutory maximum of 40 years. See 21 U.S.C. § 841(b)(1)(B) (2012); (Modification to Presentence Report (DE 173)).

The court, however, declines to reduce the custodial term of imprisonment in these circumstances. As reflected in defendant's presentence report, defendant was responsible for distributing a large quantity of heroin and cocaine, and he possessed a firearm during the commission of the offense. Even in the absence of direct violence, possessing a firearm in connection with drug trafficking activities is a serious offense that presents substantial public safety concerns. Defendant also committed the offense after sustaining state convictions for possession with intent to sell and deliver marijuana, carrying a concealed weapon, possession of cocaine, and possession of a firearm by a felon. Furthermore, the revised statutory penalties have no impact on defendant's Guidelines range.

The court has considered defendant's post-sentencing conduct, which includes one disciplinary infraction for possessing drugs or alcohol in 2016. Otherwise, he has maintained clear conduct while in custody. Defendant also has taken numerous educational and vocational training courses. While the court commends defendant for his record of achievement in custody, the court finds defendant's post-sentencing conduct does not justify reducing defendant's custodial sentence in light of the offense conduct and other issues discussed above.

Finally, application of the Fair Sentencing Act permits the court to reduce defendant's supervised release term to four years. Where the court imposed the minimum term of supervised release at defendant's original sentencing, the court agrees that corresponding reduction is appropriate.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendant's motion for reduction of sentence under the First Step Act, (DE 170). The motion is granted to the extent defendant requests reduced term of supervised release, and denied in all other respects. The February 11, 2010, judgment is amended to reflect that defendant shall be placed on supervised release for a term of four years following his release from custody. Except as expressly modified herein, defendant's February 11, 2010, judgment remain in effect.

SO ORDERED, this the 5th day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge